**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-382T

(Filed: December 8, 2014)

**FILED**

DEC - 8 2014

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| JACKIE RAY CEARLEY, | * |
| Plaintiff, | * Jurisdictional Requirements for a Tax Refund Suit; Failure to State a Claim Upon Which Relief Can Be Granted; Lack of Subject Matter Jurisdiction; Money-Mandating Source; Prison Litigation Reform Act |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Jackie Ray Cearley*, Polkton, North Carolina, *pro se* Plaintiff.

*Miranda Bureau*, Attorney of Record, with whom were *Tamara W. Ashford*, Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, and, *G. Robson Stewart*, Assistant Chief, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER

WHEELER, Judge.

This case is one of three complaints that *pro se* plaintiff Jackie Ray Cearley filed in this Court in 2014. In the present case, Mr. Cearley requests $20,024 as a tax refund and $10,000 for the Government's alleged violations of certain laws and executive orders. Pl.'s Compl. at 6, Dkt. No. 1. The Government moved to dismiss Mr. Cearley's complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. See Def.'s Mot. to Dismiss Pl.'s Compl. at 1, Dkt. No. 14 ("Def.'s Mot. to Dismiss"). For the reasons set forth below, the Government's motion to dismiss is GRANTED.

Factual Background

On May 5, 2014, Mr. Cearley, a North Carolina state prisoner, filed a complaint against the United States seeking $20,024 as a tax refund and $10,000 for alleged

violations of certain laws and executive orders. Pl.'s Compl. at 6. In his complaint, Mr. Cearley claims that on or about February 2014, he submitted a trust fund account statement to the Internal Revenue Service ("IRS"), requesting a tax refund for $20,024. Pl.'s Compl. ¶ 7. Further, Mr. Cearley alleges that he "established a contractual nexus" with the United States when he submitted certain tax forms – 1040, 1096, 1099-OID, and 1040-V to the IRS and when an IRS agent, Mr. Darryl F. Krebs responded on or about March 11, 2014. Id. ¶¶ 8-9, Ex. C. Plaintiff further alleges that on or about April 20, 2014, he sent an "Affidvait of Notice, Declaration, and Demand with Fair Notice and Warning" to Mr. Krebs, to which Mr. Krebs failed to respond. Pl.'s Compl. ¶ 10. Finally, Mr. Cearley claims he is entitled to $10,000 because the United States violated Executive Orders 6073, 6102, 6111, 6260, a Senate Report (93-549), and the National Banking Emergency Relief Act of 1933, Pub. L. 73-1, 48 Stat. 1, Mar. 9, 1933. Pl.'s Compl. at 6.

On September 5, 2014, the Government filed a motion to dismiss Mr. Cearley's complaint under Rules 12(b)(1) and (6) of the Rules of the Court of Federal Claims ("RCFC") for failure to state a claim for relief and for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss at 1. Specifically, the Government contends that Mr. Cearley's complaint fails to state a claim for relief because it is not plausible on its face as it is "based on a frivolous tax defier theory." Id. at 4. Further, the Court does not have subject matter jurisdiction over Mr. Cearley's complaint because Mr. Cearley cannot meet the jurisdictional requirements for a tax refund suit and he has failed to identify a money-mandating source which would provide the Court with jurisdiction. See id. at 5-8. Finally, the Government argues that the case should be dismissed under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, because it is "frivolous, fail[s] to state a claim for relief, and/or request[s] a form of relief that plainly is outside this Court's jurisdiction." Id. at 8-9.

Discussion

I. Jurisdiction Under Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion for failure to state a claim for relief, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009). The complaint, however, "must allege facts plausibly suggesting . . . a showing of entitlement to relief." Kam-Almaz v. United States, 682 F.3d 1364, 1367 (Fed. Cir. 2012) (quoting Acceptance Ins. Cos., Inc. v. United States, 583 F.3d 849, 853 (Fed. Cir. 2009)). This requirement means the alleged facts "must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The Government argues that Plaintiff's claim is "not plausible on its face because it is based on a frivolous tax defier theory." Def.'s Mot. to Dismiss at 4. According to the Government, individuals who make claims based on this theory subscribe to the belief that "they are not liable for the tax obligations of the 'straw man,' an entity purportedly created by the United States government in place of individual taxpayers." Id. Such individuals send frivolous documents to the IRS to "cash in on a purported secret account." Id.

Here, even accepting as true the Form 1099-OID and other documents Mr. Cearley attached to his complaint, Mr. Cearley has "not pled sufficient facts to support a reasonable inference" that he is owed a tax refund. See Williams v. United States, 112 Fed. Cl. 67, 78 (2013). These documents are missing basic details such as the amount of wages Mr. Cearley earned for the year he is claiming a tax refund. Mr. Cearley does not attach a W-2 form, Form 1099-R, or any other such form to show that he is entitled to $20,024 as a tax refund. See Pl.'s Compl., Ex. C (letter from IRS requesting Mr. Cearley to submit certain forms to demonstrate he is entitled to the $20,024 he claims as a tax refund). Thus, the Plaintiff has failed to allege the facts necessary to show he is entitled to relief and accordingly, his claim is not plausible on its face. See Williams, 112 Fed. Cl. at 78. The Court finds that Mr. Cearley has failed to state a claim upon which relief can be granted and his complaint must be dismissed.

II. Subject Matter Jurisdiction

Even if Plaintiff's complaint could plausibly be construed to state a claim for relief, the Court does not have subject matter jurisdiction over Mr. Cearley's claims. The Tucker Act, 28 U.S.C. § 1491, grants exclusive jurisdiction to this Court over claims for money damages against the United States that exceed $10,000. Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1304 (Fed. Cir. 2008). However, the Tucker Act "itself does not create a substantive cause of action." Id. at 1306. Thus, to invoke the Court's jurisdiction, a plaintiff must assert a claim "under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998). Though *pro se* plaintiffs "are held to a less stringent standard than those of litigants represented by counsel," the Court cannot excuse a complaint's failures. Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, even a *pro se* plaintiff must still "affirmatively and distinctly" plead federal court jurisdiction in the complaint. See Norton v. Larney, 266 U.S. 511, 515 (1925). The party seeking to invoke the Court's

jurisdiction bears the burden of proof. Bailey v. United States, 52 Fed. Cl. 105, 108 (2002).

### A. Plaintiff Cannot Meet the Requirements for a Tax Refund Suit

The Court has concurrent jurisdiction with the United States district courts to entertain tax refund suits. See 28 U.S.C. § 1346(a)(1). To maintain a tax refund suit in this Court, the full payment rule applies. See Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Thus, before a refund suit can be brought, plaintiff must pay the full amount of the tax. Id. Any tax refund claim must also comply with regulations issued by the IRS. See Chi. Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994). One such regulation requires the refund claim to "detail each claimed ground for a refund, and provide sufficient facts to apprise the IRS of its basis." Id. at 374-75 (citing Treas. Reg. § 301.6402-2(b)(1)).

Here, Mr. Cearley did not attach any document to his complaint to demonstrate that he meets the jurisdictional requirements for a tax refund suit. Plaintiff attaches a letter from the IRS (dated March 11, 2014), but nothing in the letter shows Mr. Cearley paid any tax or provides any information as to what Mr. Cearley's tax withholdings were for the year he is claiming a refund. See Pl.'s Compl., Ex. C. Mr. Cearley also attaches a Form 1099-OID, but like the IRS letter, this form does not demonstrate that any tax was paid or provide any details regarding why Mr. Cearley is entitled to a refund. See id., Ex. A. Refund claims which lack essential financial information necessary to determine overpayment do not have jurisdiction in the Court. See Kehmeier v. United States, 95 Fed. Cl. 442, 444-45 (2010) (plaintiff claimed $42,251 in withheld taxes but placed a zero on his Form 1040 for his total wages, salaries, tips, etc.). Indeed, Mr. Cearley provided even less information than the plaintiff in Kehmeier, as he did not even attach a Form 1040 to his complaint. The documents Mr. Cearley attaches to his complaint do not provide sufficient detail and facts to qualify as a valid tax return. Id. at 445 (quoting United States v. Moore, 627 F.2d 830, 835 (7th Cir. 1980)) (there must be "an honest and reasonable intent to supply the information required by the tax code"). Mr. Cearley cannot meet the jurisdictional requirements for a tax refund suit in the Court.

### B. Plaintiff's Claims Do Not Fall Under a Money-Mandating Source

Mr. Cearley also cites to various statutes and executive orders that he alleges were violated by the United States. For the Court to have jurisdiction, the plaintiff must allege a violation of a source that "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005). "The absence of a money-mandating source is fatal to the [C]ourt's jurisdiction under the Tucker Act." Id.

None of the statutes Mr. Cearley cited in his complaint provides the Court with jurisdiction over his complaint. First, the National Emergency Banking Relief Act, 48 Stat. 1, deals with the solvency of banks and is not a money-mandating source requiring the Government to pay damages. Second, the Buck Act of 1940, 4 U.S.C. §§ 105-110, that Mr. Cearley references "gives the State the power to tax income earned in a federal area." Jefferson Cnty. v. Acker, 527 U.S. 423, 456 (1999). Like the National Emergency Banking Relief Act, it does not require payment by the United States. Finally, none of the executive orders or the senate report that Mr. Cearley alleges were violated by the United States are money-mandating sources that give the Court jurisdiction. Executive Order 6073 concerned the reopening of banks in 1933, Executive Orders 6102 and 6260 concerned the hoarding of and exporting of gold in the United States, and Executive Order 6111 dealt with foreign exchange transactions. Finally, senate reports can never provide a basis for the Court's jurisdiction because such documents are not a constitutional provision, law, or regulation within the meaning of the Tucker Act. See 28 U.S.C. § 1491(a)(1). The Court does not have jurisdiction over Mr. Cearley's claim either as a tax refund suit or under a money-mandating source.

### III. The Prison Litigation Reform Act

Finally, the PLRA, 28 U.S.C. § 1915A, provides an additional ground by which the Court can dismiss Mr. Cearley's complaint. The PLRA requires courts to screen prisoners' complaints as soon as practicable and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. Mr. Cearley failed to state a claim for relief and his case is outside the Court's subject matter jurisdiction. Under the PLRA, this circumstance constitutes sufficient grounds for the Court to dismiss Mr. Cearley's complaint.

### Conclusion

For the foregoing reasons, the Government's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction is GRANTED. The Court directs the Clerk to dismiss Plaintiff's complaint.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge